UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Arelis Rosa
and other similarly situated individuals,

    Plaintiff(s),

v.

Burlington Coat Factory Warehouse
Corporation

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Arelis Rosa and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Burlington Coat Factory Warehouse Corporation, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Arelis Rosa is a resident of Kissimmee, Osceola County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant Burlington Coat Factory Warehouse Corporation (from now on Burlington Coat Factory, or Defendant) a Foreign Profit Corporation registered to do business in Florida.

Defendant has a place of business in Kissimmee, Osceola County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Osceola County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Arelis Rosa as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2021, (the "material time") without being adequately compensated.

6. Defendant Burlington Coat Factory is a retail business operating as a department store. Defendant has stores located throughout the United States. Plaintiff worked at the store located at 2601 West Osceola Parkway, Kissimmee, FL 34741.

7. Defendant Burlington Coat Factory employed Plaintiff Arelis Rosa as a non-exempted, full-time, hourly employee from approximately August 23, 2021, to April 27, 2022, or 35 weeks.

8. Plaintiff had duties as a sales floor supervisor, but she performed manual, repetitive work, exactly like any other store employee. Plaintiff had responsibilities receiving merchandise, stocking, replenishing inventory, assisting customers, and working as a cashier. Plaintiff

performed the same duties as the sales associates of the store. Plaintiff's wage rate was $14.95 an hour, and her overtime rate should be $22.43 an hour.

9. During his employment with Defendant, Plaintiff worked an irregular schedule, but she worked a minimum of 5 days per week, 40 or more hours. Plaintiff was paid for just 40 hours or less.

10. Plaintiff was required to clock in and out for lunchtime, and Defendant deducted 2.5 hours of lunchtime every week. However, Plaintiff was unable to take bonafide lunch hours,

11. Defendant unproperly deducted 2.5 hours of lunchtime every week. These 2.5 hours deducted as lunchtime hours, constitute 2.5 unpaid overtime hours per week.

12. Plaintiff clocked in and out. Defendant was in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted because they constituted unpaid overtime hours.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid with checks and paystubs that did not reflect the actual number of days and hours worked.

15. Plaintiff did not agree with the working hours deducted, and on or about April 27, 2022, Plaintiff resigned from her position to pursue better employment opportunities.

16. Plaintiff Arelis Rosa is not in possession of time and payment records, but she seeks to recover any regular or overtime hours not paid to her. In this Complaint, Plaintiff is claiming just 2.5 unpaid overtime hours, corresponding to lunch hours, liquidated damages,

and any other relief as allowable by law. After discovery, Plaintiff will amend her Statement of Claim accordingly.

### Collective Action Allegations

17. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

18. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

19. This action is intended to include every store employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME

20. Plaintiff Arelis Rosa re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff Arelis Rosa and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

22. The employer was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as department store. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do its business. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendant Burlington Coat Factory employed Plaintiff Arelis Rosa as a non-exempted, full-time, hourly employee from approximately August 23, 2021, to April 27, 2022, or 35 weeks.

25. Plaintiff's wage rate was $14.95 an hour, and her overtime rate should be $22.43 an hour.

26. During his employment with Defendant, Plaintiff worked an irregular schedule, but she worked a minimum of 5 days per week, 40 or more hours. Plaintiff was paid for just 40 hours or less.

27. Plaintiff was required to clock in and out for lunchtime, and Defendant deducted 2.5 hours of lunchtime every week. However, Plaintiff was unable to take bonafide lunch hours,

28. Defendant unproperly deducted 2.5 hours of lunchtime every week. These 2.5 hours deducted as lunchtime hours constitute 2.5 unpaid overtime hours per week.

29. Plaintiff clocked in and out. Defendant was in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted because they constituted unpaid overtime hours.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid with checks and paystubs that did not reflect the actual number of days and hours worked.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

33. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good faith estimate based on her recollections and to the best of her knowledge. After discovery, Plaintiff will amend her statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Thousand Nine Hundred Sixty-Two Dollars and 80/100 ($1,962.80)

    b. <u>Calculation of such wages</u>:

       Total period of employment:  35 weeks
       Relevant weeks of employment:  35 weeks
       Total hours worked: 42.5 weekly
       Total unpaid O/T hours:  2.5 overtime hours (2.5 lunch hours)
       Regular rate: $14.95 x 1.5=$22.43 O/T rate
       O/T rate $56.08

       O/T $22.43 x 2.5 O/T hours=$56.08 weekly x 35 weeks=$1,962.80

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

35. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. Defendant Burlington Coat Factory willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Arelis Rosa and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Arelis Rosa and other similarly situated individuals and against Defendant Burlington Coat Factory based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Arelis Rosa actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Arelis Rosa demands a trial by a jury of all issues triable as of right by a jury.

Dated: July 31, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*