UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-01354-RBD-EJK

Arelis Rosa,

    Plaintiff,

v.

Burlington Coat Factory Warehouse
Corporation,

    Defendant.

_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, ARELIS ROSA, (hereinafter, "Plaintiff"), and Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION (hereinafter, "Defendant"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendant

denies any and all liability with regards to Plaintiff's claims, including the amount of any alleged unpaid overtime wages in this action and assert that Plaintiff was at all times properly compensated under the FLSA.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  <u>See</u> 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement.  *Id.*  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

> back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Most significantly, Defendant's position is that this matter is subject to binding Arbitration pursuant to a valid and enforceable Arbitration Agreement and Defendant did not waive its rights to Arbitration. Notwithstanding, although Defendant disputes its liability for the allegedly owed overtime wage payments to Plaintiff, it has ultimately agreed to pay Plaintiff in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's

attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti,* 715 F. Supp.2d at 1228[1]; see also *Wing v. Plann B Corp*., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co., *715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA.

2. Defendant's position is that this matter is subject to binding Arbitration pursuant to a valid and enforceable Arbitration Agreement, which includes a class and collective waiver, and Defendant did not waive its rights to Arbitration.

3. Notwithstanding, after extensive negotiations held from the commencement of this action, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs,

which were negotiated separate and apart.

4. Plaintiff and Defendant herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendant. Specifically, based upon their respective estimates of Plaintiff's underlying claims and her claims for attorneys' fees and costs, the parties negotiated the settlement amount herein.

5. In settlement, Plaintiff ARELIS ROSA will be paid a total of $1,200.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages and any other claims she may have against Defendant under the FLSA. With respect to the above-noted amount of $1,200.00, $600.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid wages"; and $600.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages" and any other damages claimed by Plaintiff under the FLSA in this action. The parties agree that upon careful review of Plaintiff's dates of alleged employment; days per week Plaintiff actually worked; hours which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

6. Notwithstanding, the parties agree that there are genuine disputes as to

whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked, including overtime; and whether or not any alleged violations of the FLSA, if any, were willful. More significantly, Defendant's position is that this matter is subject to binding Arbitration pursuant to a valid and enforceable Arbitration Agreement, which contains a class and collective waiver, and Defendant did not waive its rights to Arbitration. Notwithstanding, based on the disputed issues of fact, Plaintiff could have been barred from any recovery in this matter with regards to her claims under the FLSA had Defendants prevailed on their defenses, and/or had Plaintiff not been able to establish her claims.

7. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff could be receiving full compensation for her highly disputed FLSA claims ($600.00), plus an equal amount in liquidated damages ($600.00); Plaintiff's claims are highly disputed, especially in light of time and pay records reflecting weeks in which Plaintiff did not work overtime; the subject arbitration agreement in this matter; and the fact that Plaintiff could be barred from recovery in this matter should defendants prevail on their defenses or should Plaintiff not be able to establish her claims at trial and/or arbitration. Additionally, this settlement is also reasonable given the high

       costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mater to trial. This settlement was arrived at after considerable negotiation by the parties, and Defendant does not admit any liability in this action.

8. Separate and apart, Plaintiff's counsel shall receive $3,500.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and review of all settlement documents. Plaintiff's counsel, who has over 16 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been consistently approved by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive."). See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, e.g., *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour.

> **Commented [LAS1]:** Please add case citation where you are quoting from.

See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

9. Plaintiff's counsel hereby certifies that he has expended over 10 hours on this matter to date, which includes time spent reviewing employment records, settlement negotiations, attorney-client communications, and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart. Consequentially, the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff and Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

10. As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

11. The parties' settlement agreement is attached hereto as **Exhibit A**.

12. The attached agreement includes every term and condition of the parties' settlement.

13. Having agreed to the terms of the settlement reached, Plaintiff and Defendant respectfully request that this Honorable Court approve the settlement between the parties.

14. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims, dismiss this action with prejudice, and otherwise deny any pending motions as moot.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and deny any pending motions as moot.

DATED this 22nd day of September 2022.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/Luis A. Santos*_____ |
| Zandro E. Palma, Esq. | Luis A. Santos, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No. 84647 |
| **ZANDRO E. PALMA, P.A.** | **FORD HARRISON LLP** |
| 9100 S. Dadeland Blvd., | 401 East Jackson Street |
| Suite 1500 | Ste. 2500 |
| Miami, Florida 33156 | Tampa, FL 33602 |
| Telephone No.: (305) 446-1500 | PH: (813) 261-7852 |
| Facsimile No.: (305) 446-1502 | Fax:(813) 261-7899 |
| zep@ThePalmaLawGroup.com | LSantos@fordharrison.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

Case 6:22-cv-01354-RBD-E_K    Document 14    Filed 09/22/22    Page 11 of 11 PageID 58