UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ARELIS ROSA,**

        **Plaintiff,**

v.                                          Case No: 6:22-cv-1354-RBD-EJK

**BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Renewed Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (the "Motion"), filed November 4, 2022. (Doc. 18.) Upon consideration, I respectfully recommend that the Motion be granted.

    **I.    BACKGROUND**

Plaintiff instituted this action against Defendant, alleging that Defendant failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) In her Complaint, Plaintiff states she worked for Defendant for approximately one year, during which time she "worked an irregular schedule" with a "minimum of [five] days per week, [forty] or more hours. Plaintiff was paid for just [forty] hours or less." (*Id.* at 3.)

On September 22, 2022, the parties filed a joint notice of settlement notifying the Court they had reached a resolution in this case, and they sought approval of their

Settlement Agreement. (Doc. 14.) On September 23, 2022, the parties filed an amended joint motion for settlement approval (Doc. 16) that the Court denied without prejudice. (Doc. 17.) On November 4, 2022, the parties filed the instant Motion for review. (Doc. 18.)

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

## III. DISCUSSION

### A. The Settlement Amount

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

equal amount as liquidated damages.").

According to the Settlement Agreement, Defendant has agreed to pay Plaintiff a total of $1,200: $600 for alleged unpaid overtime and $600 in liquidated damages. (Doc. 18-1 ¶ 3.) Plaintiff originally sought overtime damages in excess of $1,962.80. (Doc. 1 at 7.) Because Plaintiff will receive less than the maximum amount which she claimed she was entitled to under the FLSA, she has compromised her claim within the meaning of *Lynn's Food,* 679 F.2d at 1354–55.

On review, I find the $1,200 Plaintiff has agreed to accept in satisfaction of her claim to be fair and reasonable in comparison to the original claim, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting Plaintiff's entitlement to overtime payments. Thus, I find the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiff has not unfairly compromised her claim.

### B. Attorney's Fees

Plaintiff's attorney will receive $4,000.00 for fees and costs. (Doc. 18-1 ¶ 3.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As the parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face, further review is not required. (Doc. 18 at 9 ¶ 8); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys'

fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.")

### C. FLSA Release

The parties have agreed to the following release:

> Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, Defendant, of and from, any and all claims under the FLSA arising out of Plaintiff's employment with Defendant.

(the "Release") (Doc. 18-1 ¶ 5).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to her wage claim. *Pond v. Red Lambda, Inc.*, No. 6:19-cv-1975-Orl-37EJK, 2020 WL 4808744, at *4 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted*, No. 6:19-cv-1975-Orl-37EJK, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Renta v. Magnolia Towers, Inc.*, No. 6:19-cv-1202-Orl-37EJK, 2020 WL 1853639, at *3 (M.D. Fla. Mar. 27, 2020), *report and recommendation adopted*, No. 6:19-cv-1202-Orl-37EJK, 2020 WL 1852422 (M.D. Fla. Apr. 13, 2020). Furthermore, the parties to the Release are specifically identified. Therefore, because the Release provision releases only Plaintiff's FLSA claims against Defendant and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

IV. **RECOMMENDATION**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Renewed Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 18);

2. **FIND** that the parties' Agreement (Doc. 18-1), as revised, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DISMISS** the case **WITH PREJUDICE**; and

4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of non-objection. **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on December 5, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE